UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:12-CR-28-GFVT-HAI-8 |
| V. | ) ) | |
| CURTIS VENTERS, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 856.] Defendant Curtis Venters has been charged with four violations of his terms of supervised release. *Id.*

Following a plea of guilty to conspiracy to distribute oxycodone, Mr. Venters was sentenced to eighty-four months incarceration followed by six years of supervised release. [R. 474.] His sentence was subsequently reduced to seventy months incarceration. [R. 660.] Mr. Venters began his term of supervised release in January 2018.

On May 10, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report ("the Report") charging Mr. Venters with four violations of the conditions of his supervised release. The Court then issued a warrant for the arrest of Mr. Venters. [R. 846; 848.]

According to the USPO Report, United States Probation Officer Robin McFarland tried contacting Mr. Venters on April 17, 2019 at his house for a home visit. [R. 856 at 2.] Since Mr. Venters was not at his house, McFarland left a hanger on the door directing Mr. Venters to be at

the probation office on April 18, 2019. *Id.* Mr. Venters did not go to the office as instructed. *Id.*

Officer McFarland then tried to contact Mr. Venters by calling his phone. *Id.* Because none of the attempts at contact were successful, Officer McFarland texted Mr. Venters warning him that if he did not contact the probation office right away that there was the possibility of a court action. *Id.* Mr. Venters replied to Officer McFarland's text and arrived at the probation office on April 26, 2019. *Id.* While at the probation office, Mr. Venters told Officer McFarland that it was his mother instead of himself who had discovered the door tag, and that his mother had never communicated to him the instructions on the tag. *Id.* One of the conditions of Mr. Venters release states: "The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer." *Id.* The USPO Report alleges that Mr. Venters violated that condition by failing to report and respond as directed by Officer McFarland. *Id.* This violation is a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3).

The second violation in the Report claims that while the USPO was reviewing criminal records on April 25, 2019 they discovered a hearing in Knott (County) District Court involving Mr. Venters. *Id.* Mr. Venters was found guilty of speeding 25 MPH over the speed limit and not wearing his seat belt. *Id.* The state court dismissed the additional charges of reckless driving, failure to produce insurance card, fleeing or evading police second degree (motor vehicle), and no/expired Kentucky registration receipt. *Id.* Mr. Venter's failed to relay these charges within 72 hours and when he did, did not tell the USPO about any charges other than the speeding violation. *Id.* Mr. Venter's failure to notify USPO violated his condition that states: "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." *See* U.S.S.G. § 7B1.1(a)(3). This is a Grace C. Violation.

During his visit to USPO on April 26, 2019, his urine sample tested positive for methamphetamine and was diluted. *Id.* at 3. Based on this positive test Mr. Venters violated the condition that he "refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." This was a Grade C violation.

Lastly, the Report charges Mr. Venters with violating the condition that he refrain from committing another federal, state, or local crime. *Id.* This violation stems from his positive drug test for methamphetamine. Under Sixth Circuit precedent, a supervised releasee who uses a controlled substance is considered to have possessed that controlled substance. *United States v. Crace,* 207 F.3d 833 (6th Cir. 2000). Therefore, Mr. Venter's positive drug test established his possession of methamphetamine, a Schedule II controlled substance. As such his conduct would be a Class E felony under 21 U.S.C. § 844(a). This offense is a Grade B violation.

At the final revocation hearing, held on June 27, 2019, Mr. Venters competently entered a knowing, voluntary, and intelligent stipulation to Violations No. 3 and 4 that had been charged by the USPO in the Supervised Release Violation Report. [R. 855.] At the same time, the United States moved to dismiss Violations No. 1 and 2 with prejudice. [R. 856 at 4.] On June 28, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Venter's supervised release and a term of fourteen months of imprisonment followed by a four-year term of supervised release. *Id.* at 9.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence for Mr. Venters. *Id.* Judge Ingram began by noting that Congress mandates revocation in this context because Mr. Venters possessed a controlled substance. *Id.* at 6. Mr. Venter's violations show a close nexus to his underlying conviction for a drug crime. *Id.*

3

at 7.

The Defendant's history and characteristics show that he is easily persuaded by others and is at great risk for reoffending. *Id.* Mr. Venters needs to address his substance-abuse issues because when he does not, he has made poor decisions and has acted violently. *Id.* His tendency for poor decision making also weighs heavily in the need to protect society and Mr. Venters himself. *Id.* While it is obvious that Mr. Venters needs substance abuse treatment, he has not shown the requisite mental state to make it successful. *Id.* As a result, Judge Ingram did not recommended specific treatment. *Id.*

Finally, Mr. Venters' violation is a serious breach of the Court's trust. *Id.* at 8. Not only did the Defendant violate multiple terms of his supervised release, he failed to be forthcoming to his probation officer. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Venters submitted a waiver of allocution. [R. 858.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is

hereby **ORDERED** as follows:

1. The Recommendation Disposition [**R. 856.**] as to Defendant Curtis Venters is **ADOPTED** as and for the Opinion of the Court;

2. Violations No. 1 and 2 as set forth in the Report filed by the U.S. Probation Officer are **DISMISSED WITH PREJUDICE**;

3. Defendant Venters is found to have violated the terms of his Supervised Release as set forth in Violations No. 3 and 4 in the Report filed by the U.S. Probation Officer and Recommended Disposition of the Magistrate Judge;

4. Mr. Venters' Supervised Release is **REVOKED**;

5. Mr. Venters is **SENTENCED** to the Custody of the Bureau of Prisons for a term of fourteen months of imprisonment;

6. A four-year term of supervised release under the same conditions originally imposed in the original judgment. [R. 474.]; and

7. Mr. Venters' request for extra time before beginning his term of imprisonment so that he can handle personal affairs is **DENIED** [R. 855.];

This the 17th day of July, 2019.

Gregory F. Van Tatenhove
United States District Judge